## White *v*. White, Appellant.

*Contracts—Support agreements—Surety—Subsequent arrest of husband—Effect on obligation of surety.*

The surety on an agreement by a husband to pay his wife a stipulated weekly sum for the support of their minor children, is not relieved from his obligation by the fact that the wife subsequently brought nonsupport proceedings against her husband; such action being rather to the relief of the surety than to his prejudice.

Argued Jan. 11, 1916. Appeal, No. 218, Jan. T., 1915, by defendant, from judgment of C. P. No. 4, Philadelphia Co., March T., 1910, No. 2391, on verdict for plaintiff, in case of Caddie White v. Stacy H. White. Before BROWN, C. J., MESTREZAT, STEWART, FRAZER and WALLING, JJ. Affirmed.

Assumpsit on a support contract. Before AUDENRIED, J.

From the record it appeared that on November 23, 1904, Charles H. White, the plaintiff's husband was imprisoned in Norristown, Pa., as the result of nonsupport proceedings instituted against him by the plaintiff. On the same day, the defendant by writing under seal bound himself to become surety for the making of certain payments that plaintiff's husband had, by a bond given on the same day, obligated himself to make to the plaintiff for the support of their two children. The husband was discharged from custody and the pending proceedings were terminated. After making weekly payments for five weeks, the husband refused to continue further payments; the plaintiff instituted new proceedings in the Quarter Sessions Court of Philadelphia County for the support of the children in which proceedings the husband was arrested and twice imprisoned. The plaintiff subsequently brought suit on the defendant's agreement

to recover payments in arrears. The trial judge directed a verdict for plaintiff but allowed the jury to determine the amount which plaintiff was entitled to recover.

Verdict for plaintiff for $1,519.34 and judgment thereon. Defendant appealed.

*Errors assigned* were rulings on evidence, instructions to the jury, the refusal of the court to direct a verdict for defendant and to enter judgment for defendant n. o. v.

*John C. Gilpin,* with him *Graham & Gilfillan,* for appellant.

*Henry J. Scott,* for appellee.

PER CURIAM, March 6, 1916:

This action was brought against the appellant as surety on an agreement by appellee's husband to pay her a stipulated weekly sum for the support of their minor children. It was not shown, and there was no competent offer to show, that the appellant had been released from his obligation. The action subsequently taken by the appellee against her husband was rather in relief of the appellant than to his prejudice, and was in no sense an abandonment of the agreement by her. The assignments of error are overruled and the judgment is affirmed.